# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARK A. REED,**
**Claimant Below, Petitioner**

**FILED**

January 20, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0072** (BOR Appeal No. 2053291)
                    (Claim No. 2017001662)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark A. Reed, by Counsel Jerome J. McFadden, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Division of Highways, by Counsel Lisa Warner Hunter, filed a timely response.

The issue on appeal is reopening of the claim on a temporary total disability basis. The claims administrator denied Mr. Reed's request to reopen his claim on February 20, 2017. On July 26, 2018, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated December 27, 2018, in which the Board of Review affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Reed works as a heavy equipment mechanic for the West Virginia Division of Highways. On July 12, 2016, he was lifting concrete wire when he suffered an injury to his neck and low back. He sought treatment at Princeton Community Hospital where his assessment was listed as lumbar back pain and muscle spasm of the cervical and lumbar spine. X-rays of the cervical spine taken on July 18, 2016, found mild C5-C6 degenerative changes but no fracture or subluxation. An x-ray of the lumbar spine on July 18, 2016, also showed minimal degenerative changes. On July 18, 2016, the Mercer Medical Group listed the diagnoses as cervical and lumbar strains, as well as right upper extremity pain and paresthesia. Mr. Reed followed up with Misty Dillow, A.P.R.N., from the Mercer Medical Group on July 25, 2016. Mr. Reed reported that he

1

was still having pain in the area of his lower back, but there was no radiation of the symptoms into his lower extremities. He also reported tingling in his right arm, which had subsided. Mr. Reed was diagnosed with cervical strain, lumbar strain, right arm pain, and right arm paresthesia.

The claims administrator found the claim compensable for lumbar spine sprain, muscle spasm of the back, unspecified neck sprain, cervicalgia, and low back pain on July 26, 2016. Mr. Reed was unable to work from July 12, 2016, through January 16, 2017. The claims administrator did not award temporary total disability benefits because Mr. Reed elected to receive paid accrued leave benefits. However, the claims administrator stated that he was entitled to reasonable and necessary medical treatment and expenses in relation to his injury.

Mr. Reed was referred to the Carilion Clinic, where he underwent a neurosurgical evaluation with Edgar N. Weaver, M.D., on September 1, 2016. Dr. Weaver examined Mr. Reed and did not find significant radicular pain. Mr. Reed also did not show signs of significant motor weakness or reflex asymmetry. Dr. Weaver stated that his MRI scan revealed a lateral prolapse at L4-L5 on the left with some lateral recess stenosis. The MRI scan also showed some central disc release at C5-C6 and C6-C7. Dr. Weaver did not view Mr. Reed as a candidate for surgery. Mr. Reed returned to the Carilion Clinic on November 30, 2016, with complaints of persistent neck and back pain. Mr. Reed reported that his neck pain radiated down his right arm and shoulders into the first three fingers on his right hand. He also reported numbness along the same pathways as his pain. He was assessed with lumbar radicular pain, and he was given a work letter stating that he may return to work on December 15, 2016, on a full-duty basis.

On December 20, 2016, Joseph E. Grady II, M.D., conducted an independent medical evaluation of Mr. Reed. Examination of Mr. Reed's cervical area and shoulders revealed no increased redness, warmth, or swelling. He was able to make a fist with both of his hands and extend his digits. He was able to walk on heels and tiptoes and do tandem gait and squat. Dr. Grady assessed Mr. Reed's condition as cervical myofascial sprain superimposed on cervical multilevel spondylosis and lumbar sprain superimposed on degenerative spondylosis. Dr. Grady opined that Mr. Reed reached his maximum medical improvement for his compensable conditions. Dr. Grady did not believe that he fully recovered because he still showed signs of residual impairment. However, Dr. Grady noted that Mr. Reed was released to return to work on full duty on December 16, 2016, by the Carilion Clinic. Although the referral letter listed a right arm work injury, it stated that it is not clear if there actually was a right arm injury. There was no indication of an intrinsic right arm injury, and Mr. Reed's range of motion of the right shoulder, elbow, and wrist were all normal. In addressing whether Mr. Reed was in need of an additional MRI, Dr. Grady stated that since he already had MRIs of the cervical and lumbar areas on August 3, 2016, there is no indication for any subsequent MRI because if there was any change noted, it could not be related to the July 12, 2016, incident. Dr. Grady believed that any changes found in a subsequent MRI would be due to an unrelated progression of preexisting degenerative changes since any structural abnormality from the July 12, 2016, incident would have already been addressed. Utilizing the American Medical Association's, *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Weaver found 0% cervical impairment, 0% right arm impairment, and 3% lumbar spine impairment due to Mr. Reed's compensable injury.

The claims administrator granted Mr. Reed a 3% permanent partial disability award for his lumbar spine impairment on January 9, 2017. The claims administrator granted the permanent partial disability award based upon the findings of Dr. Weaver. On January 30, 2017, the claims administrator issued an Order closing Mr. Reed's claim for temporary total disability benefits.

Mr. Reed returned to work from January 17, 2017, through January 30, 2017. During his treatment, he was under the care of Nancy Lohuis, M.D., with the Mercer Medical Group. On January 13, 2017, Mr. Reed reported that he continued to have some tingling in his first three fingers of his right hand with intermittent pain in his right arm. An office note from Dr. Lohuis dated January 27, 2017, indicated that Mr. Reed reported that his symptoms had worsened since returning to work. Dr. Lohuis felt that he could benefit from an EMG. As a result of increased pain, Mr. Reed stopped working on January 31, 2017.

On February 6, 2017, Dr. Lohuis submitted a letter to reopen Mr. Reed's claim for temporary total disability benefits. Dr. Lohuis stated Mr. Reed's compensable neck injury with referred pain in the right arm had worsened. As a result of his new condition, Dr. Lohuis indicated that Mr. Reed would miss work from January 31, 2017, through March 12, 2017. Mr. Reed's counsel submitted the letter and formally requested reopening of Mr. Reed's claim. The claims administrator issued an Order on February 20, 2017, denying the request from Mr. Reed for reopening of the claim for temporary total disability benefits for the right arm, right thumb, and back. The claims administrator noted that the right arm and thumb are not compensable components of the claim. The claims administrator stated that an independent medical evaluation by Dr. Grady dated December 20, 2016, found Mr. Reed to be at maximum medical improvement for his work-related back injury. Mr. Reed protested the claims administrator's decision.

The Office of Judges affirmed the claims administrator's denial of reopening of the claim on July 26, 2018. The Office of Judges noted that Mr. Reed has degenerative changes of his cervical and lumbar spine. Based upon the record, the Office of Judges concluded that it is more likely than not that he aggravated his degenerative conditions when he returned to work. The Office of Judges found that the claims administrator correctly denied the reopening of the claim since a preponderance of the evidence of record fails to demonstrate that Mr. Reed suffered an aggravation or progression of his compensable injury. The Board of Review adopted the findings and conclusions of the Office of Judges and affirmed the decision on December 27, 2018.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Mr. Reed's treating physician, Dr. Lohuis, submitted a medical report dated February 6, 2017, in support of a request to reopen the claim and indicated that his compensable neck injury, with referred pain in the right arm, had worsened. However, Dr. Grady found Mr. Reed to be at his maximum medical improvement on December 20, 2016, with no neurological abnormalities of his cervical or thoracic spine. Dr. Grady also noted that there was no indication of an intrinsic right arm injury, and Mr. Reed's range of motion of the right shoulder, elbow, and wrist were all normal. Although Mr. Reed contends that there has been a progression or aggravation of his compensable conditions, the evidence of record supports the finding that he had no neurological abnormalities of his cervical or thoracic spine.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2021**

**CONCURRED IN BY:**
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton